## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

VICTOR M. VEGA COLON,

    Plaintiff,

      v.

COLOMER & SUAREZ SAN JUAN, INC.

    Defendant.

CIV. NO. 18-1360 (MDM)

## MEMORANDUM AND ORDER

Before the Court is defendant Colomer & Suarez San Juan, Inc.'s ("C&S" or "defendant") motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). (Docket No. 185). C&S requests that the Court reconsider its Opinion and Order (Docket No. 183), which granted in part and denied in part its motion for summary judgment. (Docket Nos. 94-95). Among the myriad of claims asserted by the plaintiff, Victor M. Vega Colon ("Vega"), in this action, the only ones that survived summary judgment were: (1) Vega's discrimination and retaliation claims under the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311, with respect to his employment termination, (2) his retaliation claim under Puerto Rico Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29, §§ 194 et seq. ("Law 115") with respect to his claim that his termination resulted from his requests for military protected leaves, and (3) his wrongful discharge claim under Puerto Rico Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a–185m ("Law 80"). All other claims raised by Vega were dismissed with prejudice. C&S now argues on reconsideration that the surviving claims should have also been dismissed with prejudice.

After reviewing C&S' motion for reconsideration, the plaintiff's response, and the applicable law, and for the reasons set forth below, the Court **DENIES** the motion for reconsideration.

## I.      Motion for Reconsideration Standard

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." *Sánchez-Pérez v. Sánchez-González*, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010). Any motion that seeks reconsideration of a judgment or order and "ask[s] the court to modify its earlier disposition of [a] case" is generally considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (citation omitted). Motions under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59.

Pursuant to Rule 59(e), a district court will alter its original order *only* if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). A motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. *Standard Química De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999); *Villanueva-Méndez*, 360 F. Supp. 2d at 322-23. "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017) (citations omitted). "[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Morán-Vega v. Rivera-Hernández*, 381 F. Supp. 2d 31, 36 (D.P.R. 2005).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. *Venegas-Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). As a general rule, motions for reconsideration should only be exceptionally granted.

*Villanueva-Méndez*, at 323; *Biltcliffe*, 772 F.3d at 930 (Rule 59(e) relief is granted sparingly").

## II.   **Discussion**

Before delving into the merits of C&S' motion for reconsideration, the Court feels compelled to comment on the stark contrast between the motion for summary judgment (Docket Nos. 94, 95 and 96) filed by C&S and the subsequent motion for reconsideration in terms of both tone and style. The Court also noticed that new counsel joined C&S' defense after the filing of the motion for summary judgment and that it was such new counsel who apparently filed, and presumably drafted, the motion for reconsideration. While it is not surprising that the two motions reflect a difference in writing style and perhaps arguing style, what is surprising is the overall abrasive tone of the motion for reconsideration–a tone that borders on the disrespectful claiming that the Court erred in making certain determinations where it clearly did not and in trying to belatedly sneak in through the proverbial back door new arguments that were not raised in their motion for summary judgment. Indeed, the apparent about-face in C&S' theory, tone and arguments, left the Court feeling like it was reading a "new" or "supplemental" motion for summary judgment rather than a motion for reconsideration. To be sure, C&S' eleventh-hour attempt to shift gears with new or "modified" arguments that had not been raised previously in the motion for summary judgment cannot prevail.

Having said that, the Court now turns to the main arguments raised on reconsideration. Basically, C&S maintains that it was entitled to summary judgment on *all* claims because plaintiff's entire package of proof should have been discarded by the Court and, instead, the Court should have only considered C&S' evidence as true, notwithstanding the clear presence of material issues of fact. The defendant's contention is misguided.

As the party moving for summary judgment C&S had the burden of showing the *absence* of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court thoroughly discussed in its Opinion and Order that C&S did

*not* meet that burden with respect to the surviving employment termination claims under USERRA, Law 115 and Law 80.

In the same way, C&S' motion for reconsideration is unavailing because it fails to demonstrate a manifest error of law or present any newly discovered evidence. *See Biltcliffe*, 772 F.3d at 930. Instead, in its motion, C&S simply rehashes the same arguments that were already raised on summary judgment or raises completely new arguments that were not raised previously in its motion for summary judgment. As counsel is no doubt aware, any argument based on formerly available evidence that is raised for the first time on reconsideration naturally could have, and should have, been presented to the Court prior to the entry of the Opinion and Order resolving the motion for summary judgment in this case. *See Iverson*, 452 F.3d at 104. As such, the defendant is estopped from raising those arguments now on reconsideration. *See id.*

As to the rehashing of prior arguments, in general terms, C&S attempts on reconsideration to persuade the Court to change its mind with respect to certain findings it has already made. There is simply no room for that kind of relief under Rule 59(e). All arguments previously submitted to the Court and rejected by it cannot be reconsidered. *See Harley–Davidson*, 897 F.2d at 616. The Court expounds further.

### A.   C&S' argument that statements made by Vega in his deposition should not have been considered by the Court in deciding the Motion for Summary Judgment

In its motion, C&S first claims that the Court should have disregarded certain statements made by Vega during his deposition pursuant to the sham affidavit doctrine because such statements contradict other statements he made either during his deposition or in an email he sent following his termination. Second, C&S argues that Vega is estopped from relying on his deposition because it includes different information than that which was included in the administrative claim he filed with the Puerto Rico Department of Labor and Human Resources prior to the filing of the present action. In essence, C&S claims that Vega's deposition testimony should be ignored entirely based on the sham affidavit doctrine and, in the alternative, that he should be estopped from using his deposition testimony to support his claims because he allegedly made contradictory remarks. More specifically, C&S claims that Vega

relies on various inadmissible, self-serving statements to meet the discriminatory motive prong of the USERRA *prima facie* framework and that without his deposition testimony, Vega cannot meet his burden under USERRA.

At the outset, the Court notes that these arguments are being raised for the very first time now on reconsideration. In addition, they are based on formerly available evidence, namely, Vega's deposition, an email, and Vega's Puerto Rico administrative claim, therefore, they should have been presented in the original motion for summary judgment; not now. Simply put, such new arguments cannot be considered by the Court at this stage of the proceedings. Furthermore, C&S' position also fails because the sham affidavit doctrine is wholly inapposite here.

The sham affidavit doctrine forbids a party opposing summary judgment from submitting an affidavit contradicting prior testimony for the sole purpose of creating an issue of fact. *Pérez-Maspons v. Stewart Title Puerto Rico, Inc.*, 208 F. Supp. 3d 401, 407–08 (D.P.R. 2016); *see also Escribano–Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 387 (1st Cir. 2016) (affirming the district court's decision to strike a sham affidavit and impose sanctions). The doctrine does not bar, however, a party from "elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition." *Id.*; *see also Gillen v. Fallon Ambulance Serv.*, 283 F.3d 11, 26 (1st Cir. 2002) ("[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment."). In addition, the self-serving nature of the affidavit, alone, does not preclude the Court from considering an affidavit at summary judgment. *See Malavé–Torres*, 919 F. Supp. 2d at 204 (compiling circuit precedents allowing self-serving affidavits as admissible evidence at summary judgment). Additionally, the Court need not specifically enumerate each contradiction between a party's prior testimony and the later filed affidavit in order to disregard the evidence. *Orta–Castro v. Merck, Sharp & Dohme Química PR., Inc.*, 447 F.3d 105, 110 (1st Cir. 2006).

In this case, the Court fails to see or understand the basis for C&S' sham affidavit argument considering the fact that Vega did *not* even submit an affidavit in

opposition to summary judgment. Instead, what C&S is requesting that the Court do on reconsideration is disregard Vega's *deposition* testimony based on the wholly inapplicable sham affidavit doctrine, which the Court simply cannot do. C&S argument on reconsideration completely misses the mark.

In addition, on reconsideration, C&S does little more than reargue the same position it had already advanced on summary judgment with respect to Vega's deposition: that Vega relies heavily on his own deposition to survive summary judgment. This contention was raised previously by C&S and was already considered by the Court. As noted in the Opinion and Order, Vega's reliance on his own deposition to establish a discriminatory animus, though self-serving, is *alone* not fatal to his cause. The case law is clear that "[p]rovided [ ] the [plaintiff's] deposition testimony sets forth specific facts, within his personal knowledge, that, if proven, would affect the outcome of the trial, the testimony must be accepted as true for purposes of summary judgment." *See Velázquez*, 473 F.3d 11 at 18. That is precisely the case here.

Contrary to C&S' contention, Vega's deposition testimony is clearly admissible evidence that must be considered, and Vega is certainly not impeded from using his own deposition to further his claims. Moreover, in addition to Vega's testimony, there is *additional* evidence in the record like signed sworn affidavits and deposition testimony from *other* C&S employees alleging that Vega's superiors, including Ortiz, made negative statements regarding Vega's military status. Those statements, if proven to be true, could corroborate the relevant portions of Vega's own deposition testimony. Therefore, there *is* evidence here (in addition to Vega's own deposition testimony) confirming that discriminatory comments about Vega's status as a servicemember were made by his supervisors. The question is, "who will the jury believe?"

To be sure, the Court did not give credence to, nor weigh, Vega's testimony against C&S' evidence. Rather, as laboriously explained in the Opinion and Order, on the whole, Vega's aggregate package of proof, created triable issues of fact that *if* proven to be true, could carry some weight with a jury and could ultimately show

discriminatory animus sufficient to establish a link between his termination and his membership in the military and resulting service. It is not the Court's, but rather the factfinder's, role to weigh the evidence and decide upon issues of credibility and questions of fact. C&S was therefore not entitled to summary judgment on Vega's USERRA claim with respect to his employment termination.

B.   **C&S' contention that the Law 115 and Law 80 claims should also have been dismissed on summary judgment**

1.  Law 115

In its motion for reconsideration, C&S claims that the Court erred in not dismissing Vega's Law 115 and Law 80 claims. The defendant's arguments are unavailing because C&S neither demonstrates a manifest error of law nor presents newly discovered evidence. *See Biltcliffe*, 772 F.3d at 930. With respect to Law 115, C&S argues that even assuming *arguendo* that Vega engaged in protected activity under Law 115—which C&S now denies—Vega did not prove that C&S' proffered reason for dismissing him was pretextual. C&S further claims that the Court deemed Vega's burden to establish pretext as having been met. C&S' claim of error is misguided. Indeed, Law 115's legal framework calls upon the defendant to articulate a legitimate and nondiscriminatory reason for terminating Vega's employment. C&S complied with such burden by claiming that Vega was dismissed as a result of the Costco incident whereby he purportedly violated company policies and lied to company officials. Where C&S misses the mark, however, is by arguing that the Court found that Vega met his threshold of proving that C&S' proffered reason for dismissing him was mere pretext. The Court did no such thing. The Court did find however that Vega raised enough genuine issues of material facts to question whether C&S' proffered legitimate and nondiscriminatory reason was pretextual. Consequently, summary judgment was not appropriate with respect to Vega's retaliation claim under Law 115. To be sure, the Court did dismiss certain claims under Law 115, however, the *only* Law 115 claim that survived summary judgment

was Vega's claim that his termination resulted from his requests for military protected leaves.[1]

2. Law 80

Turning now to Law 80, Puerto Rico's wrongful termination statute, C&S claims that it met its burden of showing that Vega was justifiably dismissed. P.R. Laws Ann. tit 29, § 185a. On reconsideration, C&S does little more than reargue the same position it previously asserted on summary judgment, which was soundly rejected by the Court. The First Circuit has made clear that courts will *not* consider any argument raised by a party in a motion for reconsideration, which was already rejected earlier. *See Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 81 (1st Cir. 2008); *Nat'l Metal Finishing Co., Inc. v. Barclaysamerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). "Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Johnson & Johnson Int'l.*, 322 F.R.D. at 441. The defendant maintains that it terminated Vega for "just cause" because there is evidence on the record tending to show that Vega violated official company policy and was caught lying with respect to the "Costco incident." Whether that proves to be true or not is a question for a jury because the evidence presented revealed triable issues of fact which cast doubt on C&S' proffered reason for terminating him. C&S' attempt to persuade the Court to change its mind is futile. On this record, contrary to C&S' belief, the defendant cannot prevail on summary judgment with respect to Vega's wrongful termination claim.

Furthermore, C&S avers that the Court erroneously adopted Vega's "flexibility theory," whereby Vega claims that on April 2, 2018, he was *allowed* to go to the Caguas Costco during work hours while exercising the duties of his position because

---

[1] On reconsideration, C&S denies that Vega participated in protected activity but in its motion for summary judgment it did *not* challenge Vega's participation in protected conduct. Neither party sufficiently briefed nor argued the issue on summary judgment. Because it is not the Court's duty to put flesh on the bones of skeletal arguments, in its Opinion and Order, the Court assumed, *without* deciding, that Vega's requests for military leave constituted protected conduct under Law 115. The Court however noted that in due course—during the pre-trial stages of this case—Vega must establish that his requests for military protected leave constitute protected conduct under Law 115. Otherwise, this claim will be dismissed.

Merchandisers were "free" to establish their own work routes. C&S claims that the Court wrongfully "believed" plaintiff's argument under the newly branded "flexibility theory." To be clear, the Court "adopted" no such theory. Regarding this matter, the Court held as follows:

> Vega claims that he never violated any of the Defendant's policies on April 2, 2018, because according to him and another merchandiser, Pedro Casillas-Rivera, it was generally understood by the Merchandisers at C&S that they could independently determine the direction of their travel to and from the stores along their routes. This assertion, *if found to be true*, could lessen the severity of the alleged infraction and plants a seed of doubt as to whether Vega's actions on April 2, 2018 warranted immediate termination.

(Docket No. 183 at 17.) C&S' reading of the Court's determination is entirely misplaced.

The Court stated that Vega's visit on April 2, 2018 to Costco during working hours indeed could have violated company policy. The Court also found that Vega in fact lied about his whereabouts that day. Notwithstanding that, as discussed above, Vega presented evidence that created triable issues of material fact as to whether his status as a servicemember and his participation in military service were at least a motivating factor in the decision to terminate him. Summary judgment was simply not warranted with respect to this claim.

**C.      C&S' argument that no reasonable jury would believe that Vega drove to Caguas while servicing customers exclusively in San Juan**

Finally, C&S presents another novel argument: that the alleged locations of the stores in Vega's route on April 2, 2018 were all in San Juan, and therefore, no jury would find that he drove to the Caguas Costco between the stores he was servicing that day. This new argument is based on formerly available evidence and thus could and should have been presented to the Court in C&S' motion for summary judgment. *See Iverson*, 452 F.3d at 104. The defendant can no longer raise this argument on reconsideration. *See id*.

To conclude, C&S' motion is unavailing because it does not request reconsideration under any of the limited instances for which reconsideration is appropriate. Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order *only* if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe*, 772 F.3d at 930. None of those circumstances is present here. "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017). "A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Morán-Vega*, 381 F.Supp.2d at 36 (D.P.R. 2005). Neither is Rule 59(e) an avenue to raise new arguments. Here, C&S simply expresses disagreement with some of the Court's determinations or asserts new arguments that should have been raised on summary judgment. Accordingly, C&S' reconsideration request is unwarranted.

## III.   Conclusion

For the foregoing reasons, the defendant's Motion for Reconsideration (Docket No. 185) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October 2020.

_____
MARSHAL D. MORGAN
United States Magistrate Judge